ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DREW MILLER, | ) | |
| | ) | CASE NO. 5:22CR269 |
| Petitioner, | ) | 5:25CV769 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Drew Miller's Motion for reconsideration. Doc. 99. Upon review, the motion is DENIED.

Miller first contends that this Court erred when it denied his motion to vacate his conviction without consideration of his supplements. Initially, the Court notes that Miller's supplements were received *after* the dismissal of his motion. As such, it was not possible for the Court to consider those supplements.

However, to the extent that Miller's supplements could be seen as requests for leave to amend and/or supplement his motion, they would not alter the Court's denial. In his first supplement, Miller seeks to add a claim of ineffective assistance of counsel related to the refusal by counsel to file motions to suppress related to two separate automobiles. Miller has not provided the search warrants or their supporting affidavits. Instead, he states in conclusory fashion that a 2020 search involved an uncorroborated tip from an anonymous informant and that a 2022 search allowed for the search of the trunk of his automobile without probable cause. Neither of Miller's contentions can be reviewed because he has failed to provide any documentation in

support of his conclusions. Accordingly, he has not met his burden to demonstrate ineffective assistance of counsel.

In his second supplement, Miller contends again that his plea was involuntary. This time, Miller asserts that his father pleaded with him to negotiate a plea deal, that his counsel told him that he was breaking his mother's heart, and that the conditions of his pretrial detainment were "intolerable." Doc. 98 a 1. As the Court has previously held, Miller was given a full change of plea hearing in which he swore under oath that he was not threatened or coerced in any manner to enter his guilty plea. Moreover, the fact that his parents were emotional with respect to his pending criminal matter can hardly be seen as coercive. Only physical harm, threats of harassment, misrepresentation, or "'promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes)'" render a guilty plea legally involuntary. *Brady v. United States*, 397 U.S. 742, 750, 755 (1970) (quoting S*helton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), *rev'd on other grounds*, 356 U.S. 26 (1958)). Further, while the conditions of his pretrial detainment may have been difficult for Miller, there is no support in the record for his contention that such conditions contributed in any manner to his decision to plead guilty.

Finally, Miller contends that the Court erred when it found that silencers were not bearable arms and therefore enjoyed no Second Amendment protections. In support, Miller contends that the Department of Justice may ultimately take a different stance on such an issue in the near future. Notably, the Court cited to decisions from seven different federal courts, including two Circuit courts, that reached the same conclusion. Miller has offered no precedent that has reached a different conclusion. The fact that the current administration may ultimately offer some opinion that differs from the reasoned opinions of every court to consider the matter does not serve as a

basis to reconsider the denial of Miller's motion to vacate.

The motion to reconsider is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| May 23, 2025 | /s/John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |